IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

UNITED STATES OF AMERICA,      )
                               )
                               )
-versus-                       )     CRIMINAL NO.: 2:12 CR00119-010
                               )
SIERRA DANIELLE THOMAS,        )
                               )
            Defendant.         )
                               )

# DEFENDANT'S SENTENCING MEMORANDUM

## INTRODUCTION

The Defendant Sierra Thomas, is scheduled for sentencing on October 15, 2012 at 10:30 a.m. She and her brother were raised by her Mother following her father's death when she was 2. She is a 24 single mother of a 4 year old son who does not receive child support. She lives in Green Pond with an Aunt and works nights as a stocker at a Hilton Head Wal-Mart from 10pm until 7 am. She has been out on bond without any violations since February 28, 2012. She has strong family support and should fare well with minimal supervision.

## FACTS

Ms. Thomas participated in a conspiracy to fraudulently obtain or assist others in obtaining funds illicitly from educational sources for student aid. She was responsible for assisting 6 other people. She did not participate in any identity theft.

## LAW

The Guidelines are only one of the factors for a district court to consider when imposing a sentence, and 18 U.S.C. § 3553 (a) directs the judge to consider other factors when sentencing defendants, *Gall v. United States*, 128 S.Ct. 586, 602 (2007). The Guidelines now serve as one

factor among many that courts must consider in determining an appropriate sentence, *Kimbrough v. United States*, 128 St.Ct. 558, 564 (2007). In imposing a defendant's sentence, a district court must consider all of the factors set forth in 18 U.S.C. § 3553 (a) and must make an individualized assessment based on the facts presented, *Id.* At 597. (The following factors are those that the Court should consider prior to sentencing a Defendant under 18 U.S.C. § 3553.)

  (2) The need for the sentence imposed –
    (A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendants with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

In applying these factors to Sierra, a probationary sentence would fulfill all of the needs addressed by the above statute. She is gainfully employed, is currently seeking her GED and is caring for her young child, with the help of her extended family. Probation would adequately assure that she will not violate the law again while at the same time allowing her to make restitution to those defrauded.

## SUBSTANIAL ASSISTANCE

When Sierra was contacted by Postal Inspectors in the summer of 2010 she waived her rights and was fully truthful in recounting her involvement with this scheme as well as the people she assisted. She provided names and amounts as well as the process she followed. She also fully explained how she became involved and who "introduced her" to the process. She was fully prepared if necessary to testify regarding all of these activities. Following her participation in this enterprise, she has maintained employment, taken care of her son and remained a law abiding individual.

Respectfully submitted,

Donna K. Taylor
39 Broad Street
Charleston, SC 29402
(843) 723-4020


/s/ Donna K. Taylor
Donna K. Taylor
Federal ID Number: 05437


ATTORNEY FOR DEFENDANT

Charleston, South Carolina
October 9, 2012