IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NUMBER: 2:12-CR-119-DCN-11 |
| | ) | |
| -versus- | ) | |
| | ) | |
| MAYELLA SAXON, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

COMES NOW, the Defendant, Mayella Saxon (hereinafter "Ms. Saxon"), respectfully submitting this Sentencing Memorandum for this Honorable Court's review and consideration.

**Procedural History**

On February 15, 2012, Ms. Saxon was indicted as to one count of Conspiracy to Commit Mail Fraud, Wire Fraud, and Financial Aid Fraud in violation of 18 U.S.C. §§1341 and 1343 and 20 U.S.C. § 1097(a). On May 14, 2012, Ms. Saxon entered a plea of guilty as to Count One with a plea agreement.

A Pre-Sentence Investigation Report (PSR) was prepared following Ms. Saxon's plea. The Original PSR was prepared on July 31, 2012. A Revised PSR was issued on August 21, 2012, prior to Ms. Saxon's deadline for filing objections. A Second Revised PSR was issued on October 2, 2012, following Ms. Saxon's objections. There are currently no outstanding substantive objections to the PSR. Sentencing is set before this Honorable Court on October 17, 2012.

Herein, Ms. Saxon urges this Honorable Court to fashion an appropriate sentence under 18 U.S.C. § 3553(a)(1) that reflects this Court's careful consideration of Ms.

Saxon's history and characteristics which varies below the applicable advisory United States Sentencing Guideline range.

## Statement of the Law

Although the Guidelines are no longer mandatory, but rather advisory, they nonetheless play a vital role in determining an appropriate sentence for every defendant in federal court. *United States v. Booker*, 543 U.S. 220m 125 S.Ct. 738 (2005). The Guidelines remain an essential starting point in determining a just sentence and in keeping relative consistency nationwide. *Gall v. United States*, 522 U.S. 38, 128 S.Ct. 586 (2007); *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007).

Moreover, the Guidelines are not static. The themes resonated in *Rita, Gall* and *Booker* remind us that the basic sentencing objectives set forth in 18 USC § 3553(a) must be fully considered, and that a sentencing judge shall "impose a sentence sufficient but not greater than necessary to carry out the objectives of 3553(a) including the guidelines." The Guidelines have been amended yearly since they were first promulgated over twenty-five (25) years ago. Changes in the Guidelines are the result of the Commission's fulfillment of its duty to monitor federal sentencing law, to consider public input and to revise the Guidelines accordingly.

## Statutory Provision

18 USC § 3553(a) states in pertinent part,

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

  (2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available...

Applying the above factors specifically to Ms. Saxon, it is clear that Ms. Saxon has led a life active within her community and church, and a life dedicated to ensuring the well-being of her family. It is hard for Ms. Saxon and those who know and love her to understand what drove her to make such a poor, out-of-character decision given her background and positive upbringing. Up until her arrest for the underlying charge to which she pled guilty, Ms. Saxon did not have a criminal history. Nevertheless, Ms. Saxon attempted to take the easy way out to make money to help ends meet. She regrets her poor decision making and understands the domino effect that her actions, when coupled with other like offenders, can have on our education and fiscal system. She acknowledges and is remorseful for how her behavior has brought shame to her family, friends, and community after so many years of having led a good, honest life. The instant case has forced her to evolve and to become more of commendable citizen.

  Ms. Saxon would humbly suggest to this Court, that based on her mitigation efforts and acceptance of responsibility, a sentence varying well below the suggested Guideline range which incorporates mandatory financial management education would better serve the purposes of 18 U.S.C. § 3553(a).

## Factors Warranting a Sentence Varying Below the
## Advisory United States Sentencing Guidelines

Ms. Saxon was born on July 6, 1959, in Allendale, South Carolina. Her parents, David and Rosa Mae Bradley, had a good marriage. Her father, David, died in 2007 as a result of cancer. Her mother, Rosa Mae, lives in Fairfax, South Carolina. She suffers from severe diabetes. For the past two years Ms. Saxon has lived with her mother and acted as her caretaker on a daily basis.

Ms. Saxon was married in 1982 to Bertrum Saxon from whom she divorced in 2007. They had one child, Bertrum A. Saxon, who is now 31 years of age.

- **Ms. Saxon's Community Involvement and Character**

Ms. Saxon has played an active, public service role within her community all her life. She served as the building and ground representative for the Fairfax Town Council, and worked as a medical records analyst with the Allendale Correctional Institution for nine (9) years. *See* Exhibit A, Letter from Shirley A. Early. Ms. Saxon "also volunteers as a mentor for girls ages 10 to 15 years of age," and serves as a "prayer warrior at Vision Ministries where she currently worships." *Id.* She dedicates her time to the Food Pantry in Hampton County to assist with food distributions in the community. *See* Exhibit B, Letter from Elise McDaniel.

Ms. Saxon is a loving mother, daughter, and friend. Her friends and loved ones describe her as a "kind-hearted person and will go out of her way to do anything she can to help others." *See* Exhibit C, Letter from Janie Wallace. She is further described as an "honest and well-respected person." *See* Exhibit D, Letter from Hue B. McDaniel. *See also*, Exhibit E, Letter from Melvie S. Bostick. Her "moral judgment has never been of question, because she always did the right thing. She would do for others with no

4

hesitation." *See* Exhibit F, Letter from Wanda Kinloch. She has "always exemplified honesty, fairness, and hard work toward any delegated or assigned task. She is known for her exemplary character, and devotion toward her family, church, and community." *See* Exhibit G, Letter from Pastor Joe Mole III.

Her best friend, Daisy Bennett, put it best when she wrote "in life, sometimes things happen to us that we don't understand." *See* Exhibit H, Letter from Daisy Bennett. Ms. Bennett stated that she did not believe any of it when she learned of the charges against Ms. Saxon. *Id.* She "was thinking that they made a mistake some way, somehow, and it was not her." *Id.* When she asked Ms. Saxon for the truth, Ms. Saxon said it was a "big scam that she got caught up in" and asked her friend to pray for her. *Id.*

Ms. Saxon's friends, family and community all attest to her remorse, and the overwhelmingly positive effect she has had on their lives and within the community her whole life. As a result, she humbly urges this Honorable Court to consider her mitigation and issue a sentence below the applicable Guidelines in this matter.

## Conclusion

WHEREFORE, based on the meritorious reasons outlined above, the Defendant, Mayella Saxon, beseeches this Honorable Court to depart downwardly from the recommended United States Sentencing Guidelines, and sentence her to a variance sentence below the advisory United States Sentencing Guidelines applicable to his case.

          Respectfully submitted,

          *s/Abigail B. Walsh*
          ATTORNEY FOR DEFENDANT
          Federal Bar Number: 09528

          Williams & Walsh, LLC
          125 A Wappoo Creek Dr., Ste. 202
          Charleston, SC 29412
          Telephone:  (843) 722-0157
          Fax:  (843) 762-2198

Charleston, South Carolina,
October 15, 2012